Filed 9/25/23  P. v. Jones CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>EDWARD DAVID JONES,<br><br>        Defendant and Appellant. | C090013<br><br>(Super. Ct. Nos. STK-CR-CNV-1998-0016791, SP062477A) |

This appeal arises from the trial court's denial of defendant Edward David Jones's petition for resentencing under Penal Code section 1172.6.  (Statutory section citations that follow are found in the Penal Code unless otherwise stated.)  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Defendant filed this petition under former section 1170.95, but we will cite to the current section 1172.6.

On February 25, 1999, a jury found appellant guilty of murder (§ 187, subd. (a)), attempted robbery (§§ 664/211), and robbery (§ 211).  The jury also found true an enhancement allegation that the murder was committed in the attempted commission of

1

robbery. (§ 190.2, subd. (a)(17)(A).) The jury found true the firearm enhancement on the robbery count. (§ 12022.5, subd. (a)(1).) Another panel of this court affirmed his conviction on December 15, 2000. (*People v. Jones* (Dec. 15, 2000, C032480) [nonpub. opn.].)

On April 12, 2019, appellant filed a petition for resentencing pursuant to section 1172.6. Defendant also included a reference to section 1170.91 in the caption of the form petition he used to raise the section 1172.6 issue, and included a copy of the statute and documentation of his prior military service among the many attachments to his petition.

On June 10, 2019, the trial court denied the petition by written order finding defendant could not make a prima facie case he was entitled to relief. The trial court did not address section 1170.91 in its denial of defendant's 1172.6 petition. In his notice of appeal, defendant specifically pointed out his claim was related to section 1172.6 and raised no issues as to section 1170.91.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that set forth the relevant procedural history of the case and asked this court to review the record and determine whether any arguable issues on appeal exist. (*People v. Wende* (1979) 25 Cal.3d 436.)

We dismissed the appeal as abandoned in May 2020. The California Supreme Court granted defendant's petition for review and transferred this case back to us in June of 2023 with directions to vacate our prior decision and reconsider this case in light of *People v. Delgadillo* (2022) 14 Cal.5th 216. We vacated our decision.

On July 6, 2023, we notified defendant (with a service copy to his counsel): (1) counsel had filed a brief indicating no arguable issues had been identified by counsel; (2) as a case arising from an order denying postconviction relief, defendant was not entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days in which to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we

2

notified defendant if we did not receive a letter or brief within that 30-day period, the court may dismiss the appeal as abandoned.  More than 30 days have elapsed, and we have received no communication from defendant or counsel.

We consider defendant's appeal abandoned and order the appeal dismissed. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)

DISPOSITION

The appeal is dismissed.


_____

HULL, J.


We concur:


_____

EARL, P. J.


_____

ROBIE, J.